Margaret Tilley **WALKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–90–00094–CR.

Court of Appeals of Texas, Tyler.

June 18, 1992.

Douglas E. Lowe, Palestine, for appellant.

D. Paul Stafford, Asst. Dist. Atty., Palestine, for appellee.

BILL BASS, Justice.

Margaret Walker appeals from a murder conviction in which the jury assessed punishment at five years confinement. Walker complains that the trial court committed error when it failed to exclude her written confession of the murder that she made while in the Sheriff's custody, thereby depriving her of her rights under the United States and Texas constitutions. We find that the court did not abuse its discretion in allowing the confession into evidence. Accordingly, we affirm the conviction.

Walker's mother was found dead in her home following the destruction of her house by fire. The autopsy revealed that even before the fire burned down the house, her mother was already dead as a result of being shot five times. The Anderson County Sheriff's Department and the Fire Marshall conducted a 10-month investigation into the murder, with Walker being one of the primary suspects. A ballistics examination indicated that the gun that shot Walker's mother was a 22-caliber rifle found in the home of Margaret Walker and her common law husband. A sheriff's deputy confronted Walker with the results of the ballistics report while she was in custody for an unrelated offense. Walker signed a written confession to the murder.

Following a pre-trial suppression hearing on the written confession, the trial court denied the motion to suppress, ruling that Walker made the statement voluntarily with sufficient intelligence. The State was then allowed to introduce the written statement into evidence. The jury was instructed in the charge that, before considering the written confession, the jury must first believe beyond a reasonable doubt that the statement was freely and voluntarily made, without compulsion or persuasion. The jury then found Margaret Walker to be guilty of the murder and assessed punishment at five years confinement.

Walker's only complaint on appeal is to the admission of the written confession, which she claims was not freely and volun-

tarily given, consequently depriving her of her rights to due process and against self-incrimination as guaranteed by the U.S. and Texas constitutions. She maintains that Anderson County deputies intimidated her and used sophisticated interrogation techniques to coerce a confession from her. Walker also insists that, because of her subnormal intelligence and mental illness, she was susceptible to official compulsion and unable to comprehend her circumstances. Walker claims that she was interrogated eight times, polygraphed, questioned before a grand jury, and videotaped. Furthermore, Walker insists that the Sheriff's Department used an unrelated offense of forgery as a pretext to obtain a confession for the murder; she was arrested and taken into custody for the forgery offense and was interrogated regarding both the forgery and the murder. It is her contention that the cumulative effect of the circumstances surrounding the investigation renders the confession involuntary and inadmissible.

We first note that, while Walker argues both violations against her privilege against self-incrimination and her right to due process, we shall make the same analysis for each since the two inquiries are essentially the same. *Griffin v. State*, 765 S.W.2d 422, 429 (Tex.Cr.App.1989). It is true, as Walker asserts, that the determination of whether a confession is voluntary under Texas law must be based upon the totality of the circumstances surrounding its acquisition. *Smith v. State*, 779 S.W.2d 417, 426 (Tex.Cr.App.1989); *McCoy v. State*, 713 S.W.2d 940, 955 (Tex.Cr.App. 1986). However, a confession will not be considered involuntary absent police coercion "causally related to the confession." *Colorado v. Connelly*, 479 U.S. 157, 164, 107 S.Ct. 515, 520, 93 L.Ed.2d 473 (1986).

Walker's psychologist testified at a competency hearing that Walker had a 76 I.Q. The State's psychiatrist testified she was of average intellectual functioning. Walker argues that the totality of the circumstances, especially when considered in the light of her modest mental ability, show that her confession was the involuntary product of coercive conduct by the State. No evidence was introduced of any coercive treatment during the interrogations and the grand jury appearance during the 10–month investigation. Walker did not testify at the hearing. Deputy Joe Willis interrogated Walker. Deputy Willis testified that Walker was given the *Miranda* warning at the time of her arrest. She was warned again before Deputy Willis questioned her about the murder. After Deputy Willis told her that her gun had been used to kill her mother, she gave an oral confession. Deputy Willis testified that he reduced her confession to writing; that Walker read it and the warnings were contained in the statement form; that she made a spelling correction in the typed statement and initialled the correction. He testified that she was not threatened nor promised anything to sign the statement, and that she said she understood what she was signing. We find no evidence of coercive activity by the State. A defendant's mental condition, by itself and apart from its relation to official coercion, will never require a conclusion of involuntariness. *Colorado v. Connelly*, 479 U.S. at 164, 107 S.Ct. at 520. The trial court found her statement to be made freely and voluntarily. Since the trial court is the sole trier of the facts and the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, our review of its determination is limited to whether the court abused its discretion. *McCoy*, 713 S.W.2d at 955. We conclude that the trial court did not abuse its discretion in finding that Margaret Walker's confession was voluntary.

The judgment is affirmed.