Affirmed and Memorandum Opinion filed June 15, 2004









Affirmed and Memorandum Opinion filed June 15, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00917-CR

____________

 

THOMAS
WAYNE COLEMAN, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

___________________________________________________

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 874,471

___________________________________________________

 

M E M O R A N D U M   O P I N I O N

 

Appellant entered a plea of not
guilty to capital murder.  He was
convicted and the jury assessed punishment at life in prison.  In a single issue, appellant contends the
trial court erred in failing to instruct the jury on the voluntariness of
appellant=s confession.  We affirm.

I.  Factual Background








On April 10, 2001, appellant
burglarized Holly Waller=s home
and stabbed her to death.  Two days
later, appellant was arrested on an outstanding warrant and questioned at the
police station.  Officer C. P. Abbandondolo
with the Houston Police Department testified that he first came into contact
with appellant after he had been arrested and placed in an interview room.  Abbandondolo read appellant his Miranda
warnings and explained appellant=s rights
to him.  See Miranda v. Arizona,
384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966); Tex. Code Crim. Proc. Ann. art. 38.22, ' 2(a)
(Vernon Supp. 2004).  Appellant indicated
he understood his rights and was willing to talk with Abbandondolo.  Abbandondolo asked appellant if he needed to
use the restroom or if he wanted something to drink.  Appellant said he wanted something to drink
and was given a soda.  Abbandondolo
interviewed appellant for approximately two hours during which time appellant
denied any involvement in the burglary and murder.  After the initial two hour period, appellant
asked to use the restroom.  While
appellant was in the restroom, Abbandondolo spoke with Todd Miller, the Houston
Police Department officer who arrested appellant.  Abbandondolo explained his lack of progress,
and Miller offered to continue the interview.








Before he began to question
appellant, Miller also read appellant his rights and ensured that appellant
understood them.  After approximately two
additional hours, appellant admitted his involvement in the burglary and murder
and expressed his willingness to give an audio-taped statement.  Miller asked appellant if he wanted anything
to eat or drink or if he needed to use the restroom.  Appellant said he needed to use the
restroom.  Upon returning to the
interview and before taking the audio-taped statement, Miller again read
appellant his rights.  In his statement,
appellant said he had thrown some of Waller=s jewelry
into the front yard of the house.  Miller
and several other officers took appellant to the scene of the crime to look for
the jewelry.  Before leaving the police
station, appellant said he was hungry, so Miller bought appellant a hamburger.  The officers were unable to locate the
jewelry and proceeded to a garbage dumpster where appellant said he had
discarded his clothes.  The dumpster
appeared to have been emptied prior to their search.  Miller then took appellant before a
magistrate who read appellant his Miranda warnings.  Appellant then made a second tape-recorded
statement in which he confessed to the burglary and murder.  In the second statement, appellant told
Miller that he had taken money from a book in the complainant=s
home.  Prior to appellant=s
admission, no one knew the money had been taken.  Both statements were admitted into evidence
over appellant=s objection.

II.  Analysis

In a single issue, appellant
argues the trial court erred in failing to instruct the jury on the
voluntariness of his confession because there was some evidence that he was
mentally retarded.  

A.  Preservation of Error

As a preliminary matter, the
State contends appellant has not preserved error.  At the charge conference, appellant responded
to the judge=s inquiry regarding any
objections to the charge by requesting an instruction Aregarding
the voluntariness of the statement given by [appellant] to the Houston police
officers based upon the cross-examination and testimony given by those
officers.@[1]  The trial court denied appellant=s oral
request stating, Athere has
not been a contested issue of fact, at least with regard to the voluntariness
of the statement.@  The trial court permitted appellant to return
the next day with a proposed instruction and case law that would support the
instruction.  The next morning, the trial
judge reminded appellant that he had objected to the charge the previous day
and asked if either side had anything further. 
Both the defense and the State responded, Anothing.@








To preserve error related to the
jury charge there must be an objection or a requested charge.  See Vasquez v. State, 919 S.W.2d 433,
435 (Tex. Crim. App. 1996); Arana v. State, 1 S.W.3d 824, 826 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  An objection or request for a special
instruction must be made in writing or Adictated
to the court reporter in the presence of the court and the state=s
counsel, before the reading of the court=s charge
to the jury.@ 
Tex. Code Crim. Proc. Ann.
arts. 36.14, 36.15 (Vernon Supp. 2004).  To
preserve error on an objection an adverse ruling must be obtained.  Arana, 1 S.W.3d at 826.  Here, appellant distinctly specified his
objection to the charge by requesting an instruction on voluntariness and
obtained an adverse ruling.  See Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2004) (defendant must distinctly specify each ground of objection to
the charge); see also Reize v. State, No. 14-98-00709-CR, 1999 WL
1123032, at *2 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d) (not
designated for publication) (holding requested instruction that was denied by
court sufficient to preserve error as an objection) (citing Jones v. State,
962 S.W.2d 96, 98B99 (Tex.
App.CHouston
[1st Dist.] 1997), aff=d, 984
S.W.2d 254 (Tex. Crim. App. 1998)).  The
objection does not need to be in perfect form; it need only call the trial
court=s
attention to the omission in the charge. 
Benge v. State, 94 S.W.3d 31, 34 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d).  Because appellant distinctly specified his
objection and obtained an adverse ruling, we find appellant preserved error and
consider the merits of his issue.

B.  Denial of requested instruction

Appellant contends the issue of
voluntariness was raised by the following cross-examination:

Q.  [by defense counsel]:  During the course of the case, did you learn
and find that Mr. Coleman is retarded?

A.  [by Officer Miller]:  I=m sorry.

Q.  Have you learned that, since this case, that
Mr. Coleman is retarded?

A.  At some level, yes.

Q.  Did you B prior to, I guess, conducting
any kind of discussions with Mr. Coleman, did you have him examined or have
someone else other than yourself or Officer Abby[[2]]
talk with Mr. Coleman to determine his ability to understand fully the rights
that you and Officer Abby were going to give to him and to make sure that
independently someone could determine, yes, he=s going to voluntarily
give up his rights?  Did you do anything
like that?

A.  No. 
No. 








 

Appellant contends the
cross-examination of Officer Miller raised the issue of the voluntariness of
appellant=s confession because the
cross-examination revealed appellant is mentally retarded.  When the issue of the voluntariness of the
confession is raised by the evidence, the trial judge shall appropriately
instruct the jury, generally, on the law pertaining to such statement.  See Tex.
Code Crim. Proc. Ann. art. 38.22 ' 7
(Vernon Supp. 2004).  The issue of
voluntariness is raised only after some evidence is presented that the
statement was not voluntary.  Miniel
v. State, 831 S.W.2d 310, 316 (Tex. Crim. App. 1992). 

Evidence of mental retardation and mental impairment is a
factor to be considered by the court in determining from the totality of the
circumstances whether the accused voluntarily and knowingly waived his rights
prior to confessing.  Bizzarri v.
State, 492 S.W.2d 944, 946 (Tex. Crim. App. 1973); Cornealius v. State,
870 S.W.2d 169, 175 (Tex. App.CHouston [14th Dist.] 1994) aff=d, 900 S.W.2d 731 (Tex. Crim. App. 1995).  The question is whether the accused=s mental impairment is so severe that
he is incapable of understanding the meaning and effect of his confession.  Casias v. State, 452 S.W.2d 483, 488
(Tex. Crim. App. 1970).








Here, although Miller testified
during cross-examination regarding appellant=s mental
capacity,[3]
appellant presented no evidence that the alleged diminution in his mental
capacity was causally related to his confession.  Nor did appellant present testimony at trial
on the issue of voluntariness.  There was
no testimony as to the severity of appellant=s mental
retardation.  Moreover, there was no
implication of police coercion.  A confession will not be considered
involuntary absent police coercion Acausally related to the confession.@ 
Walker v. State, 842 S.W.2d 301, 303 (Tex. App.CTyler 1992, no pet.), citing Colorado
v. Connelly, 479 U.S. 157, 164, 107 S. Ct. 515, 520, 93 L. Ed.2d 473
(1986).  A defendant=s mental condition, alone and apart
from its relation to official coercion, will not require a conclusion of
involuntariness.  Colorado v. Connelly,
479 U.S. at 164, 107 S. Ct. at 520; Penry v. State, 903 S.W.2d 715, 744
(Tex. Crim. App. 1995).  There was
no evidence that interrogating officers coerced appellant into making a
statement.  Appellant was read his
statutory warnings four times, and each time indicated he understood his rights
and that he was willing to talk with the officers.  Appellant accepted offers of food, drink, and
restroom breaks.  On re-direct
examination, Miller testified that he would never take advantage of someone he
knew to be mentally retarded to coerce him to confess.  There was no testimony that appellant was
coerced or that his alleged diminished mental capacity was related to or
impacted his confession.  Because the
evidence did not raise the issue of the voluntariness of appellant=s
confession, the trial court did not err in refusing the requested
instruction.  See Miniel, 831
S.W.2d at 316.  Appellant=s sole
issue is overruled.

The judgment of the trial court
is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed June 15, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant did not
raise the issue of his alleged mental retardation as impacting the
voluntariness of his confession at any time during the trial.  In fact, at the pre-trial hearing on
appellant=s motion to suppress his confession based on
involuntariness, appellant argued he was coerced to confess due to Abbandondolo=s threats that he would charge him with additional
crimes unless he started talking about his involvement in the Waller case and
Miller=s promise that he would only be sentenced to five
years on a burglary charge.  





[2]  AOfficer Abby@ is in
reference to Officer Abbandondolo.  





[3]  Appellant did
not offer any evidence of diminished mental capacity through the testimony of
any expert witness.  In fact, according
to a competency evaluation conducted by a clinical and forensic psychologist
prior to trial, during the evaluation appellant Afaked
both intellectual impairments and psychiatric symptoms.@  Furthermore, a
review of previous evaluations of appellant showed that his mental status was
described as completely normal and also that [appellant] reported he had
completed ten years of education and that he could read and write.