Opinion filed August 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00302-CR

                                                    __________

 

                   KENNETH
MILO LITTLEBRAVE, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 40th District Court

 

                                                              Ellis
County, Texas

 

                                                   Trial
Court Cause No. 34569CR

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            A
jury convicted Kenneth Milo Littlebrave, Jr., of the offense of burglary of a
habitation with the commission of a felony other than felony theft.  See
Tex. Penal Code Ann. § 30.02
(West 2011).  The jury assessed punishment at confinement for life.  Appellant
appeals from the conviction with two points of error.  We affirm.

            At
the time of the offense, B.S. was a ten-year-old girl living in Waxahachie,
Texas, with her grandparents, Margo and Luis Valdez, and her two sisters, A.S.
and M.S.  B.S. and A.S. shared a room in the residence.  One night, B.S. was
awakened in her bedroom by someone pulling down her pants.  The person was
wearing black clothes and had a bandana over his face.  The person then took
B.S. to the living room of the house, laid her down, covered her mouth, and
touched her female genitalia.  B.S. heard A.S. call her name, and B.S.
screamed, causing the perpetrator to leave.

            B.S.
and A.S. ran to their grandmother’s room and told her what happened.  At first,
Margo Valdez thought the girls might have been having a nightmare, but then she
looked around the house and saw that the screen to the kitchen window had been
torn open and that someone had come into the house.  She also saw that the
front door was open.  Valdez called the police.

            Officer
Richard Powell of the Waxahachie Police Department arrived at the residence and
spoke with B.S.  B.S. made an outcry of sexual abuse to Officer Powell. 
Officer Powell notified all other police officers to “set up a perimeter and
attempt to catch this fellow.”  Police then began a search of the area.

            Lieutenant
Marcus Brown was the watch commander for the Waxahachie Police Department that
night.  The night after the incident, as part of the effort to catch the
perpetrator, Lieutenant Brown was observing the intersection of Dunn Street and
Sycamore Street when he noticed Appellant walking toward him.  Appellant was
wearing a dark jacket, a “hoodie” and gloves, which matched the general
description of the perpetrator, as well as other prowler reports that had been
received in the area.  Lieutenant Brown flashed his spotlight on Appellant, and
Appellant started to walk away.  Appellant surrendered after Lieutenant Brown
ordered him to stop.  Appellant immediately started apologizing, saying that he
was sorry and that he did not mean to look suspicious.  Lieutenant Brown
handcuffed Appellant and searched him, finding a cell phone, a pen light, a
knife, a set of vise grips and a black bandana.  In his experience as a police
officer, Lieutenant Brown found those items to be common burglary tools.  The
bandana was tied in a manner that would be consistent with concealing a
person’s face.

            The
night of Appellant’s arrest, Lieutenant Todd Woodruff interviewed him at the
police station.  Appellant gave a written statement to Lieutenant Woodruff. 
Appellant admitted that he had gone into a house close to where he lived.  He
saw that the front window to the kitchen was open, so he cut the window screen
and went inside.  He “found two girls in a bed” and picked up the smaller of
them.  He “carried her into the living room” and “[t]he thought came to [his]
mind to kiss her,” but according to Appellant, he decided not to.  Appellant
stated that he “accidentally touched her between her legs” when he set her down
in the living room but that he “wasn’t meaning to.”  When the girl screamed, he
ran out of the house through the front door, which he had earlier unlocked in
case he needed to make a quick exit.

            Police
executed a search warrant for Appellant’s residence in the Brown Motel in
Waxahachie.  Inside, they found two large flathead screwdrivers that could be
used as burglary tools and two bandanas.

            In
his first point of error, Appellant complains that the trial court erred in not
suppressing his written statement.  Appellant filed a pretrial motion to
suppress his written statement, which was denied after a hearing.  At the
hearing on the motion to suppress, Lieutenant Woodruff testified that he
advised Appellant of his Miranda[1] rights. The
interview started at about 1:45 a.m. Appellant had been in custody for
about thirty minutes prior to that.  Lieutenant Woodruff spoke with
Appellant for about an hour to an hour and one-half before he typed the
voluntary statement.  Appellant could read and write and had graduated from
high school, but Lieutenant Woodruff did not venture an opinion of how
intelligent Appellant was.   Appellant gave “logical and appropriate” responses
to the questions Lieutenant Woodruff asked “[f]or the most part,” but he did,
at one point during the interview, start chanting Sioux war songs.[2] 
Appellant agreed to waive all of his rights and give a written statement to Lieutenant
Woodruff.

            In
a pretrial hearing on a motion to suppress, the trial court is the sole and
exclusive trier of fact and judge of the credibility of the witnesses as well
as the weight to be given their testimony, and we are not at liberty to disturb
any finding supported by the record.  Self v. State, 709 S.W.2d 662, 665
(Tex. Crim. App. 1986).    Mixed questions of law and fact that turn on the
evaluation of credibility and demeanor should also be given “almost total”
deference.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).    Mixed questions of law and fact that do not turn on the evaluation of
credibility and demeanor should be reviewed de novo by the appellate court.  Id.

The question of whether the confession of the defendant is
voluntary must be determined from the totality of the facts and circumstances. 
Barton v. State, 605 S.W.2d 605, 607 (Tex. Crim. App. 1980).  The State
has the burden to show, by a preponderance of the evidence, that the defendant
knowingly and intelligently waived his privilege against self-incrimination.  Barnett
v. State, 771 S.W.2d 654, 658 (Tex. App.—Corpus Christi 1989, no pet.).  

Appellant contends that he did not have the capacity to waive
rights and that, therefore, he could not give a voluntary statement.  The
record does not support this assertion.  As noted above, Appellant was a high
school graduate who answered the questions asked of him in a logical and
appropriate fashion.  Appellant did not show that he was mentally ill or
suffered from any cognitive deficit.  Moreover, even if he had made a showing
of those conditions, they would not have compelled a finding of an involuntary
confession absent a showing of police coercion.  See Colorado v.
Connelly, 479 U.S. 157, 164 (1986) (defendant’s mental condition, apart
from its relation to official coercion, is not dispositive of an inquiry into
constitutional voluntariness); Walker v. State, 842 S.W.2d 301, 303 (Tex.
App.—Tyler 1992, no pet.).  Appellant did not show any police conduct that
would or could amount to coercion in his interrogation, and the State carried
its burden to show that the statement was voluntary.  Appellant’s first point
of error is overruled.

In his second point of error, Appellant contends that the
evidence was insufficient to support his conviction.  Our standard of review in
evaluating the sufficiency of the evidence is to determine, after viewing all
of the evidence in a light most favorable to the verdict, whether any rational
finder of fact could have found the existence of the elements of the offense.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Gibbs v. State, 819 S.W.2d 821, 834 (Tex. Crim. App. 1991).  Our duty is not to sit as a thirteenth juror reweighing the evidence or deciding whether we believe the evidence established the
elements in question beyond a reasonable doubt.  Gibbs, 819 S.W.2d at
834; Blankenship v. State, 780 S.W.2d 198, 206–07 (Tex. Crim. App. 1988). 
The sufficiency test must be applied to the application paragraph in a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  When the appellate court is faced with facts that support conflicting inferences, it must presume that the finder of fact resolved
the conflict in favor of the verdict, and any inconsistencies must be resolved
in favor of the verdict.  Farris v. State, 819 S.W.2d 490, 495 (Tex.
Crim. App. 1990).  

            Appellant’s
contention that the evidence is insufficient rests on the idea that the
confession is involuntary, and he implicitly argues that the review of the
evidence should not include the confession.  We have already found that the
trial court did not err in finding the confession voluntary.[3]

            Appellant
was charged with intentionally or knowingly entering the residence of Margo
Valdez without her consent and then committing or attempting to commit the
offense of indecency with a child.  As specified in the jury charge, the
elements of indecency with a child that the State had to prove were that
Appellant touched the genitals of B.S. with the intent to arouse and gratify
his sexual desire.  See Tex.
Penal Code Ann. § 21.11 (West 2011).  The State amply proved all of the
elements, including the element that he intended to arouse and gratify his
sexual desire.  While Appellant stated in his confession that his touching of
the vagina was accidental, B.S.’s testimony was quite clear that it was an
intentional act, given the fact that he pulled down her pants.  The jury resolves
conflicting evidence, and it is not our province to resolve any conflicting
fact.  See Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim.
App. 1981) (“ A jury is entitled to accept one version of the facts
and reject another or reject any of a witness’ testimony.”); see also Nevarez
v. State, 847 S.W.2d 637, 642 (Tex. App.—El Paso 1993, pet. ref’d) (appellate
court does not resolve any conflict of fact or resolve credibility of
witnesses). The jury resolved the conflict in this case in favor of the child’s
testimony.  Appellant’s second point of error is overruled.

            The
judgment of the trial court is affirmed.

 

 

ERIC KALENAK

JUSTICE

August 31, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Miranda v. Arizona, 384 U.S. 436 (1966). 

 





[2]Appellant is a member of the Rosebud Sioux Tribe.





[3]Also, as the State correctly points out, even
erroneously admitted evidence is considered in a sufficiency review.  Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  Thus, we would have
considered the confession in our sufficiency analysis even if we had found that
the confession had been erroneously admitted.