ACCEPTED
04-14-00618-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/14/2015 3:38:27 PM
KEITH HOTTLE
CLERK

04-14-00618-CR

IN THE COURT OF APPEALS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

FOR THE FOURTH JUDICIAL DISTRICT 5/14/2015 3:38:27 PM

KEITH E. HOTTLE
Clerk

SAN ANTONIO, TEXAS

_____

THOMAS LITTLE,
Appellant

vs.

THE STATE OF TEXAS,
Appellee

_____

ON APPEAL FROM THE 25TH JUDICIAL DISTRICT COURT

OF GUADALUPE COUNTY, TEXAS

CAUSE NUMBER:14-00698-CR-C
_____

BRIEF FOR THE APPELLEE
THE STATE OF TEXAS

_____

EDWARD F. SHAUGHNESSY, III
ATTORNEY-AT-LAW
206 E. LOCUST
SAN ANTONIO, TEXAS 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

ORAL ARGUMENT WAIVED          ATTORNEY FOR THE APPELLEE

# TABLE OF CONTENTS

PAGE (S)

Table of Contents ................................................................................. i

Table of Interested Parties .................................................................. ii

Table of Authorities............................................................................ iii

Brief for the Appellee ..........................................................................1

Summary of the Argument ................................................................. 2

Response to Appellant's First Point of Error.................................... 3

Response to Appellant's Second Point of Error .................................7

Conclusion and Prayer ......................................................................10

Certificate of Service ........................................................................ 11

Certificate of Compliance................................................................. 11

# TABLE OF INTERESTED PARTIES

Mr. Steven Delemos
Mr. Keith Henneke                                    State's Trial Counsel
Assistant District Attorneys
Guadalupe County
25th Judicial District
101 East Court Street, Suite 108
Seguin, Texas 78155

Mr. Scott Simpson                                    Trial Counsel
Attorney at Law
1901 Buena Vista
San Antonio, Texas 78207

Honorable William D. Old, III                        Trial Court Judge
Judge Presiding
25th Judicial District Court
Guadalupe County, Texas

Edward F. Shaughnessy, III                           Appellee's Counsel
Attorney at Law
206 E. Locust Street
San Antonio, Texas 78212
(210) 212-6700
Bar No: 18134500

Gregory Sherwood                                     Appellant's Counsel
Attorney at Law
P.O. Box 200613
Austin, Texas 78720

## TABLE OF AUTHORITIES

CASE(S)                                                                    PAGE(S)

*Almanza v. State,* 686 S.W.2d 157 (Tex. Crim. App. 1984) .....................8

*Cockrell v. State, 933 S.W.2d 73 (Tex. Crim. App. 1996)* ........................6

*Colorado v. Connelly,* 479 U.S. 170 (1986) .............................................5

*Corwin v. State,* 870 S.W.2d 23 (Tex. Crim. App. 1993),
   cert. den. ___U.S. ___, 115 S.Ct. 95, 130 L.Ed.2d 44 (1995) ....................4

*De La Fuente v. State,* 432 S.W.3d 415 (Tex. App.-San Antonio, 2014) .9

*Hernandez v. State,* 819 S.W.2d 806 (Tex. Crim. App. 1991),
   cert. den. ___U.S. ___, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992) ..............4

*Madden v. State,* 242 S.W.3d 504 (Tex. Crim. App. 2007) .....................9

*Oursbourn v. State,* 259 S.W.3d 159, 177 (Tex. Crim. App. 2008)..........9

*Robinson v. State,* 377 S.W.3d 712 (Tex. Crim. App. 2012) .....................9

*Schofield v. State,* 658 S.W.2d 209 (Tex. App. - El Paso, 1983) .............5

*Smith v. State,* 779 S.W.2d 417 (Tex. Crim. App. 1989)...........................5

*Vela v. State,* 771 S.W.2d 659
   (Tex. App. - Corpus Christi 1989, pet. ref'd).......................................5

*Walker v. State,* 842 S.W.2d 301 (Tex. App. - Tyler, 1992) .....................5


STATUTE(S) AND CODE(S)

Art. 38.22 § 6, Tex. Code Crim. Proc. Ann. (West 2013).........................7

Art. 38.22 § 2 , Tex. Code Crim. Proc. Ann. (West 2013)..........................7

Art. 38.22 § 3, Tex. Code Crim. Proc. Ann. (West 2013).......................7, 8

Art. 38.22 § 7, Tex. Code Crim. Proc. Ann. (West 2013)..........................7

Art. 38.22 § 8(2), Tex. Code Crim. Proc. Ann. (West 2013).....................8

Art. 38.22 § 6, Tex. Code Crim. Proc. Ann. (West 2014) ..........................2

Art38.22 § 7, Tex. Code Crim. Proc. Ann. (West 2014)............................2

Art. 38.22 § 2, Tex. Code Crim. Proc. Ann. (West 2014)..........................2

Art. 38.22 § 6, Tex. Code Crim. Proc. Ann. (West 2013)..........................3

NO. 04-14-00618-CR

| | | |
|---|---|---|
| THOMAS LITTLE,<br>Appellant | § | IN THE COURT OF |
| | § | APPEALS, FOURTH |
| v. | § | JUDICIAL DISTRICT |
| THE STATE OF TEXAS,<br>Appellee | § | SAN ANTONIO, TEXAS |

BRIEF FOR THE APPELLEE
THE STATE OF TEXAS

To the Honorable Fourth Court of Appeals:

Now comes, the State of Texas, by and through Edward F. Shaughnessy, III, Attorney-at-Law, designated attorney for the District Attorney for 25th Judicial District and files this brief in cause number 04-14-00618-CR. The appellant was indicted by a Guadalupe County grand jury for two counts of Burglary of a Habitation in cause number 14-0698-CR-C. (C.R.-4). Following a jury trial, the appellant was found guilty of the offenses as charged in the indictment. (C.R.-84) The jury assessed punishment at twenty (20) years of confinement in the Institutional Division of the Texas Department of Criminal Justice on each count. The sentences were ordered to run concurrently. (C.R.-

1

84) Notice of appeal was filed and this appeal, alleging two points of error, has followed. (C.R.-71)

SUMMARY OF THE ARGUMENT
ON BEHALF OF THE APPELLEE

The appellant was not entitled to an instruction regarding the voluntariness of his statement under the auspices of Art. 38.22 § 6, Tex. Code Crim. Proc. Ann. (West 2014) because there was no contested evidence presented before the jury that would demonstrate the absence of voluntariness as defined in the context of statements made by a criminal accused.

The trial Court did not commit "egregious" error in failing to submit to the jury a charge to the jury pursuant to the terms of *Art.* 38.22 § 7, Tex. Code Crim. Proc. Ann. (West 2014) because there was no evidence presented to the jury, which raised a factual question as to whether the appellant's statement was taken in compliance with  Art. 38.22 § 2, Tex. Code Crim. Proc. Ann. (West 2014).

In his first point of error the appellant asserts the trial Court erred in refusing to submit a charge to the jury on the issue of the voluntariness of the appellant's videotaped confession pursuant to Art. 38.22 § 6, Tex. Code Crim. Proc. Ann. (West 2013).

As noted by the defendant during the course of the guilt phase of the trial the State presented to the jury, two exhibits (State's Exhibits 43 & 44) that consisted of a videotaped interview of the appellant conducted by Agent Carlisle of the Federal Bureau of Investigation. Those exhibits were admitted without objection from the appellant. (R.R.8-267) After the State had rested, the appellant rested and closed without offering any testimony. At the conclusion of the trial the appellant objected to the failure of the Court's charge to include an instruction under Art. 38.22, *supra*. (R.R.10-9) The trial Court entered written findings of fact and conclusions of law and made them part of the record. Included within those findings was the following finding regarding the lack of a factual dispute regarding the voluntariness of the appellant's videotaped statement:

> The Court finds that the voluntariness of all statements made by the defendant Thomas Little was uncontroverted and was not a disputed legal issue for this Court, nor was it a disputed fact issue for the Jury based on the totality of the testimony and Defendant's statements in State's exhibits 43 and 44. State Exhibits 34 and 44 were admitted by the Court into evidence with redactions only

3

With regard for the defendant's conversations with his Attorney.

*******************************

The Court further finds that State Exhibits 43 and 44, the video tapes of defendant's statement were admitted without any objection by defense counsel as to the voluntariness of defendant's statements. The Court also finds that the defense did not challenge factually the voluntariness of defendant's custodial statements. (S.C.R.-3)

## ARGUMENT AND AUTHORITIES

Although not sufficiently particularized, one of the arguments advanced by the appellant appears to be an argument that because the appellant discussed being in physical discomfort during the course of his interview with Agent Carlisle, that the issue of the voluntariness was therefore raised, and mandated a jury instruction on the issue. The appellant's argument fails to adequately account for the concept of "voluntariness" in the context of confessions.

A jury charge on the issue of the voluntariness of a confession is not required in the absence of evidence brought before the jury indicating that the confession was given "involuntarily". *Corwin v. State,* 870 S.W.2d 23 (Tex. Crim. App. 1993), cert. den. _____ U.S. _____, 115 S.Ct. 95, 130 L.Ed.2d 44 (1995); *Hernandez v. State,* 819 S.W.2d 806 (Tex. Crim. App. 1991), cert. den. _____ U.S. _____, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). An "involuntary

4

statement", which necessitates exclusion of the evidence on the basis that it was obtained in violation of the accused's right to due process, is one which flows from coercive actions on the part of law enforcement officials. Coercive police activity is a necessary predicate to a finding that a confession is involuntary under the Fourteenth Amendment's Due Process Clause. *Colorado v. Connelly, 479 U.S. 170, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).* For a statement to be excluded as "involuntary", in the context of a due process claim, it must be demonstrated that the statement was the product of coercive police interrogation techniques (physical or psychological). *Smith v. State,* 779 S.W.2d 417 (Tex. Crim. App. 1989); *Vela v. State,* 771 S.W.2d 659 (Tex. App. - Corpus Christi 1989, pet. ref'd). A mere showing of limited mental capacity on the part of the accused, in and of itself, is not sufficient to demonstrate an "involuntary" statement in the context of the exclusionary rule. *Colorado v. Connelly, supra,* at S.Ct. *pg.* 521, 522; *Walker v. State,* 842 S.W.2d 301 (Tex. App. - Tyler, 1992); *Schofield v. State,* 658 S.W.2d 209 (Tex. App. - El Paso, 1983).

In the instant case there was no evidence presented to the jury, which in any way demonstrated that the statement, which was given by the appellant, was given as a consequence of coercion on the part of law enforcement. As a consequence, the trial Court was not required to charge the jury on the issue of the voluntariness of the appellant's statement. *Cockrell v. State, 933 S.W.2d 73*

5

*(Tex. Crim. App. 1996).  See also:* Art. 38.22 § 6, Tex. Code Crim. Proc. Ann. (West 2013).[1]

The issue of the "voluntariness" of the appellant's statement to law enforcement officials was not contested before the jury.  The trial court was not required to submit the issue to the jury.  The appellant's first point of error is without merit and should be overruled.

---

[1] Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence may be pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof.

In his second point of error the appellant contends that the trial court committed "egregiously harmful error" in failing to charge the jury on the law of confessions as set forth in Art. 38.22 § 2 & § 3, Tex. Code Crim. Proc. Ann. (West 2013).

An examination of the record reveals that no charge on this issue was requested by the appellant at the conclusion of the evidentiary phase of the guilt-innocence portion of the trial. An objection was lodged to the "exclusion of the 38.22 instruction". The trial court made the following conclusion of law regarding the necessity of charging the jury on the law applicable to statements of the accused under the auspices of Art. 38.22 § 7, Tex. Code Crim. Proc. Ann. (West 2013):

> The court also finds that there is no issue raised by the evidence as to whether or not the *Miranda* warnings were given to the defendant prior to any statements being made during the custodial interrogation; consequently, there was no fact issue for the jury to determine pursuant to Article 38.22 Section 7, or Article 38.23 of the Texas Code of Criminal Procedure as a matter of law.
> (S.C.R.-4)

It appears that the appellant is asserting that he was entitled to have the jury instructed as to the terms and procedures attendant to the procuring of custodial statements from an accused as defined by *Art. 38.22 § 3, Tex. Code*

7

*Crim. Proc. Ann. (West 2013).* The appellant acknowledges that no such an instruction was requested at the time of the trial but asserts that the trial court's failure to *sua sponte* instruct the jury regarding the requirements of *Art. 38.22 § 3, supra,* constitutes "egregious error" that mandates a reversal of his conviction even in the absence of a requested instruction. *See:* Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984).

As noted above, the appellant did not object to the admission of the exhibits on the grounds that the State failed to demonstrate compliance with *Art. 38.22 § 3, supra.* Moreover, the trial Court found that the statement was taken in compliance with the applicable statutory prerequisites. *See: Art. 38.22 § 3 & Art. 38.22 § 8(2) ,supra.* Lastly, there was no contested factual issue presented to the jury as to what warnings were presented to the jury. Stated another way, there was no issue affirmatively raised by the evidence as to what warnings were given to the appellant. The only dispute in the trial Court was a pure legal issue as to whether the warnings as given complied with the dictates of the Texas Confession Statute.

Absent a factual dispute as what warnings were given to the appellant prior to the giving of his statement, there was no requirement that the trial Court *sua sponte* submit a charge to the jury which would have required/allowed them to pass on the legal issue as to what constitutes sufficient warnings under the terms of the applicable statute. The appellant has failed to demonstrate that the charge as given contained "egregious harm", because the record is devoid of

8

affirmative evidence raising a dispute as to the substance of the warnings administered to the appellant.  Thus, no error is shown. See: *Oursbourn v. State, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008) ( "Article 38.23* requires a jury instruction only if there is a genuine dispute about a material fact." "The evidence on that fact must be affirmatively contested."); *Robinson v. State, 377 S.W.3d 712 (Tex. Crim. App. 2012); Madden v. State, 242 S.W.3d 504 (Tex. Crim. App. 2007); De La Fuente v. State, 432 S.W.3d 415 (Tex. App.-San Antonio, 2014, pet ref'd).*

The appellant's second point of error is without merit and should be overruled.

CONCLUSION AND PRAYER


Wherefore premises considered the appellee, the State of Texas would respectfully request that this Court affirm the judgment of the lower court in all respects.


Respectfully submitted,

Edward F. Shaughnessy, III
_____

Edward F. Shaughnessy, III
Attorney at Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

Attorney for the appellee
The State of Texas

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III, attorney for the appellee hereby certify that a true and correct copy of the instant brief was delivered to Gregory Sherwood, P.O. Box 2000613, Austin, Texas, 78720, counsel for the appellant, by use of the United States Postal Service on the _14__ day of May, 2015.

Edward F. Shaughnessy, III
_____
Edward F. Shaughnessy, III

CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III attorney for the appellee certify that the instant document contains 2,196 words.

Edward F. Shaughnessy, III
_____
Edward F. Shaughnessy, III